# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIA ANN CALIPO, ) | |
|     Plaintiff, ) | Civil Action No. 17-15ERIE |
| ) | |
| v. ) | District Judge Rothstein |
| ) | |
| ALLSTATE CORPORATION, et al, ) | Magistrate Judge Baxter |
|     Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is recommended that this action be dismissed due to Plaintiff's failure to prosecute.

**II.  REPORT**

This civil action was filed in this Court on January 19, 2017. By Order dated January 25, 2017, this Court granted Plaintiff leave to proceed in forma pauperis and directed that Plaintiff file the Authorization form before February 10, 2017, to allow payment of the filing fee. ECF No. 2.

Plaintiff failed to file the Authorization form in a timely manner. By Order Dated February 23, 2017, this Court directed that Plaintiff show cause before March 10, 2017, for his failure to file the required Authorization form. The Order warned that Plaintiff's failure to comply would result in the dismissal of this action for failure to prosecute. ECF No. 5. As of today's date, Plaintiff has failed to comply.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d

1

863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this action. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Without the Authorization of the filing fee, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could ultimately state a claim, the merits of the claim are impossible to determine at this early stage of the proceedings. Accordingly, this action should be dismissed due to Plaintiff's failure to prosecute.

## III.    CONCLUSION

It is respectfully recommended that this action be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days. Any party opposing the objections shall have fourteen days to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate

rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

        /s/ Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        United States Magistrate Judge

Dated: April 10, 2017